Jacob J. Schwartzwald, J.
The respondent husband moves to dismiss the petition of the petitioner wife on the ground that “it is improper and insufficient in law and that it confers no jurisdiction on the court to make a determination herein.”
Briefly the facts reveal that the petitioner and respondent were married on March 30,1962 and that there were born of said marraige two infant issue, to wit: Michael J. and Bess Caryn Easton. Subsequently on August 29, 1967, petitioner signed a separation agreement wherein she stipulated that “ the care, custody, maintenance and education of the children of the marriage are hereby entrusted to and given over to the party of the second part ” (the respondent herein). Immediately thereafter the petitioner went to Juarez, Mexico on August 30, 1967 *11 and obtained a divorce, thereby terminating the marriage as agreed to between the parties herein.
Examination of the papers further discloses that on October 18, 1968, petitioner previously commenced an action for a declaratory judgment to declare the separation agreement, which was incorporated in the Mexican decree of divorce, null and void and for other related relief. The matter was brought to trial before Mr. Justice "VVegmau on January 8,1969, at which time defendant (respondent herein) directed his attack upon plaintiff’s (petitioner herein) complaint seeking dismissal of the causes of action stated therein. On January 14, 1969, the court granted defendant’s motion dismissing certain causes of action in the complaint and the prayers for such relief. However, the court did not dismiss those portions of the complaint pertaining to the custody of the children and injunctive relief enjoining and restraining defendant from removing the children from the custody of the plaintiff. The court treated the complaint as a petition and the summons as an order to show cause and directed the plaintiff to serve an amended pleading on counsel for defendant in the form of a petition on or before January 20, 1969 and gave counsel five days to answer. The plaintiff in compliance with the court’s direction, served the petition upon counsel for defendant.
It is the contention of the respondent that the petition served without a notice of petition or order to show cause, was improper and insufficient to constitute the commencement of a special proceeding.
This contention is untenable. Litigation should not be dismissed because of error in choice between a special proceeding and an action. CPLR 103 (subd. [c]) provides that “ If a court has obtained jurisdiction over the parties, a civil judicial proceeding shall not be dismissed solely because it is not brought in the proper form, but the court shall make whatever order is required for its proper prosecution.” Its purpose is to avoid dismissals for errors in form alone and to allow a court which has proper jurisdiction of the parties to permit the continuation of litigation without regard for technical defects (Matter of O’Shea, 28 A D 2d 977; Matter of Mandis v. Gorski, 24 A D 2d 181; 1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 103.08). Moreover, CPLR 104 provides that ‘ ‘ The civil practice law and rules shall be liberally construed to secure just, speedy and inexpensive determination of every civil judicial proceeding.”
In the instant case, the court which had proper jurisdiction over the parties by service of a summons and complaint upon respondent in the original action instituted by the petitioner, *12 permitted the petitioner to serve an amended pleading in the form of a petition (CPLB 3025, subd. [b]). The petitioner followed the direction of the court and served the petition here involved. Thus, a notice of petition or order to show cause was not necessary under the circumstances herein, since, as herein-before indicated, the court had obtained jurisdiction over the parties. This was not the commencement of a special proceeding which required the service of a notice of petition or order to show cause to acquire jurisdiction as provided in CPLB 304, hut was the continuation of the original proceeding wherein the court permitted the service of an amended pleading. Moreover, a perusal of the petition reveals that the petitioner seeks custody of the children and injunctive relief which the court ruled should be submitted for its determination. Consequently, upon the facts adduced, the respondent is not entitled to the relief sought herein. Accordingly, the motion is denied.